# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

**KENNETH J. WAITS**                                                      **PLAINTIFF**

**V.**                                     **CASE NO. 5:16-CV-05365**

**DENNY HYSLIP, *et. al.***                                              **DEFENDANTS**

## OPINION AND ORDER

This is a civil rights case filed by Plaintiff Kenneth J. Waits, under the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP"). He is currently incarcerated in the Arkansas Department of Correction, Tucker Unit.

The Prison Litigation Reform Act ("PLRA") modified the IFP statute, 28 U.S.C. § 1915, to require the Court to screen complaints for dismissal under § 1915(e)(2)(B). The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or, (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## I. BACKGROUND

Plaintiff filed his complaint on December 16, 2016. (Doc. 1). He was directed, (Doc. 3), to file an amended complaint by December 30, 2016, and did so on December 28, 2016. (Doc. 6). In his amended complaint (Doc. 6), Plaintiff alleges he was incarcerated on a 90-day parole violation due to new criminal charges filed against him for possession of a controlled substance and drug paraphernalia. Plaintiff alleges he is innocent of the new criminal charges, and has been denied legal counsel for the new criminal charges. He further alleges he has been denied access to the courts.

-1-

Specifically, Plaintiff alleges Public Defender Denny Hyslip "denied, refused" to provide legal counsel starting on October 16, 2016. He further alleges Public Defender Hyslip knew Plaintiff was innocent of the crime for which he was being incarcerated and held on a parole violation. (Doc. 6, p. 6). Plaintiff's claim of denial of access to the courts concerns his time incarcerated in the Washington County Detention Center ("WCDC"). He alleges the WCDC imposed a limitation of two envelopes and eight to ten sheets of paper per week for indigent inmates, that legal mail has been returned to him numerous times, and that there have been delays in sending and receiving legal correspondence. (Doc. 6, pp. 8-10). As relief, Plaintiff asks for compensatory damages for pain and suffering. (Doc. 6, p. 11).

On May 2, 2017, an order to show cause was entered, directing Plaintiff to show cause as to why he had failed to keep the Court apprised of two address changes since filing his complaint. (Doc. 7). Plaintiff was directed to respond by May 17, 2017, and did so on May 17, 2017. (Doc. 8).

Research by the Court indicates Plaintiff entered a negotiated plea of guilty to a charge of possession of drug paraphernalia on February 28, 2017.[1] The sentencing order also indicates Plaintiff was represented by a public defender.

## II. DISCUSSION

Under the PLRA, the Court is obligated to screen a case prior to service of process being issued. A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which

---

[1] *State v. Kenneth James Waits*, No. 72CR-16-2236 (Wash. Cnty. Circuit Court Feb. 28, 2017).

relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, the Court bears in mind that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Plaintiff's claims are subject to dismissal. As a public defender, Defendant Hyslip is immune from suit. A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). Thus, when the claim is merely that the public defender failed to adequately represent the client in his criminal proceedings, it does not state a cognizable claim under § 1983. *See Gilbert v. Corcoran*, 530 F.2d 820 (8th Cir. 1976) (conclusory allegations of ineffective assistance of counsel do not state a claim against public defenders under § 1983).

Plaintiff's allegations of innocence and wrongful incarceration fail to state a cognizable § 1983 claim. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87.

Plaintiff entered a negotiated plea of guilty to the charges in question while represented by a public defender. He has not alleged that his conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

Plaintiff has also failed to state a cognizable claim for denial of access to the courts. The Supreme Court has held "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). Nevertheless, *Bounds* "did not create an abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Instead, prison officials must provide inmates with "meaningful access to the courts," *Bounds*, 430 U.S. at 824, and providing a law library is merely one way to comply with this obligation. *See Bear v. Fayram*, 650 F.3d 1120, 1123 (8th Cir. 2011) (the constitutional requirement of access to the courts may be satisfied in a number of ways including, prison libraries, jailhouse lawyers, private lawyers on contract with the prison, or some combination of these and other methods). However, an inmate has no standing to pursue an access claim unless he can demonstrate he suffered prejudice or actual injury as a result of the prison officials' conduct. *See Lewis*, 518 U.S. at 351-2; *see also Farver v. Vilches*, 155 F.3d 978, 979-980 (8th Cir.1998) (per curiam); *Klinger v. Dep't of Corr.*, 107 F.3d 609, 617 (8th Cir.1997) (to prevail on access-to-courts claim, inmate must show actual injury or prejudice even if denial of access to library is complete and systematic); *McMaster v. Pung*, 984 F.2d 948,

953 (8th Cir. 1993). "To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim.'" *Hartsfield v. Nichols,* 511 F.3d 826, 831 (8th Cir. 2008) (citations omitted).

The prison must also provide inmates with "paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them." *Bounds v. Smith,* 430 U.S. at 824-5; *see also Myers v. Hundley,* 101 F.3d 542, 544 (8th Cir.1996) (*citing Lewis v. Casey,* 518 U.S. at 350-1). The duty to provide such allowances is constrained by the inmates' right of *meaningful* access to the courts. *Bounds,* 430 U.S. at 824-5.

Plaintiff failed to allege any facts which could support a claim that he was denied meaningful access to the courts. Plaintiff did not allege he suffered any actual injury or prejudice to his pending state criminal case due to a limit on paper and envelopes, delay in correspondence, or return of correspondence. Further, Plaintiff was able to obtain a § 1983 complaint form and file this lawsuit. He was also able to respond to an order to amend his complaint and return it to the Court within the deadline. Therefore, Plaintiff has no standing to pursue an access claim against Defendants. *See Lewis,* 518 U.S. at 351-2; *see also Farver v. Vilches,* 155 F.3d 978, 979-980 (8th Cir. 1998) (per curiam); *Grady v. Wilken,* 735 F.2d 303, 305-6 (8th Cir. 1984) (plaintiff's failure to show that a twenty (20) day denial of mail privileges prejudiced his ongoing lawsuit resulted in the dismissal of his access to courts claim).

As no cognizable claim is stated against any Defendant, the case will be dismissed.

### III. CONCLUSION

The Complaint fails to state a cognizable claim under § 1983 and is frivolous and/or asserted against an individual immune from suit. The case is **DISMISSED WITH PREJUDICE** as to Public Defender Denny Hyslip and **WITHOUT PREJUDICE** as to all other Defendants/claims. *See* 28 U.S.C. § 1915(e)(2)(B)(I)-(iii) (IFP action may be dismissed at any time due to frivolousness or for failure to state a claim).

**IT IS SO ORDERED** on this ___6th___ day of June, 2017.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE